United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Fourth Estate Public Benefit Corp., Plaintiff | ) ) ) |
| v. | ) Civil Action No. 16-60497-Civ-Scola |
| Wall-Street.com and Jerrold D. Burden, Defendant. | ) ) |

## Order Granting Motion to Dismiss

The Defendants Wall-Street.com, LLC and Jerrold D. Burden ask the Court to dismiss the Plaintiff Fourth Estate Public Benefit Corp.'s Complaint for copyright infringement (Counts 1 and 2) and removal of copyright management information (Count 3). (*See* Compl., ECF No. 1.) The Defendants argue that the copyright infringement claims must be dismissed, because Fourth Estate's alleged copyrighted works have not been registered. (Mot. 2, ECF No. 9.) As to the remaining claim, the Defendants argue that Fourth Estate lacks standing. In its response, although Fourth Estate defended against dismissal of its copyright infringement claim, it did not address the Defendants request to dismiss for lack of standing. (Resp., ECF No. 16.) After reviewing the motion, the record, and the relevant legal authorities and for the reasons explained more fully below, the Court **grants** the Motion to Dismiss (ECF No. 9).

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

"To make out a prima facie case of copyright infringement, a plaintiff must show that (1) it owns a valid copyright in the [work] and (2) defendants copied protected elements from the [work]." *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1300 (11th Cir. 2008) (citations omitted). The Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted

until preregistration or registration of the copyright claim has been made in accordance with this title." *Watson v. K2 Design Grp., Inc.*, No. 15-CIV-61020, 2015 WL 4720797, at *2-3 (S.D. Fla. Aug. 7, 2015) (Bloom, J.) (quoting 17 U.S.C. § 411(a)).

The Defendants argue that because Fourth Estate's alleged copyrighted works are not registered, Fourth Estate has not satisfied the precondition for bringing an infringement action under the Copyright Act. Fourth Estate counters that although its works were not registered, an application to register was pending at the time of the suit, which is sufficient to survive a motion to dismiss. (Resp. 2, ECF No. 16.)

Although registration is no longer a jurisdictional requirement, *see Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 169 (2010), it is nonetheless a procedural bar to infringement claims. *See Dowbenko v. Google Inc.,* 582 Fed.Appx. 801, 805 (11th Cir. 2014) ("The Supreme Court recently clarified that, although § 411(a)'s registration requirement is not jurisdictional, it nevertheless amounts to 'a precondition to filing a claim.'"); *see also Kernel Records Oy v. Mosley,* 694 F.3d 1294, 1303–05 (11th Cir.2012) (noting that if the work was not foreign, "registration was required prior to suit," and finding that work was not a foreign work exempt from the registration requirement). *See generally*, *Watson*, 2015 WL 4720797, at *2-3 (providing a comprehensive summary of the case law on this issue). As a result, because a plaintiff must first obtain registration for the work at issue prior to initiating suit, the Court must dismiss Fourth Estate's claims for copyright infringement.

As to the remaining claim for injunctive relief based on removal of copyright management information, Fourth Estate's response is silent as to Count 3 in its entirety—Fourth Estate offers no opposition to Defendants' claims that Fourth Estate lacks standing to obtain injunctive relief on behalf of a third-party. Accordingly, the Court holds that Fourth Estate has abandoned Count 3. *Phan v. Accredited Home Lenders Holding Co.*, No. 309-CV-328-J-32TEM, 2010 WL 1268013, at *5 (M.D. Fla. Mar. 29, 2010) (citing *Abolition of Marijuana Prohibition v. City of Atlanta,* 219 F.3d 1301, 1326 (11th Cir. 2000)).

Accordingly, for the foregoing reasons, the Court **grants** without prejudice the Motion to Dismiss (ECF No. 9). The Court **denies** the Request for Oral Argument (ECF No. 17) and directs the Clerk to **close** the case.

**Done and ordered**, at Miami, Florida, on March 23, 2016.

_____
Robert N. Scola, Jr.
United States District Judge