FILED BY

Jun 19, 2017

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

Deputy Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 19, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  16-13726-DD
Case Style: Fourth Estate Public Benefit C v. Wall-Street.com, LLC, et al
District Court Docket No: 0:16-cv-60497-RNS

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision
was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion
was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  James O'Donnell Delaney
Phone #:  404-335-6113

Enclosure(s)

MDT-1 Letter Issuing Mandate

**UNITED STATES COURT OF APPEALS**
**For the Eleventh Circuit**

_____

No. 16-13726

_____

District Court Docket No.
0:16-cv-60497-RNS

FOURTH ESTATE PUBLIC BENEFIT CORPORATION,

Plaintiff - Appellant,

versus

WALL-STREET.COM, LLC,
JERROLD D. BURBEN,

Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is
entered as the judgment of this Court.

Entered: May 18, 2017
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

**ISSUED AS MANDATE 06/19/2017**

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13726

_____

D.C. Docket No. 0:16-cv-60497-RNS

FOURTH ESTATE PUBLIC BENEFIT CORPORATION,

Plaintiff - Appellant,

versus

WALL-STREET.COM, LLC,
JERROLD D. BURBEN,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 18, 2017)

Before WILLIAM PRYOR, MARTIN, and BOGGS,[*] Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

"Registration" of a copyright is a precondition to filing suit for copyright

infringement. 17 U.S.C. § 411(a). This appeal requires us to decide an issue that

---

[*] Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation.

has divided the circuits: whether registration occurs when an owner files an application to register the copyright or when the Register of Copyrights registers the copyright. *Compare Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 619 (9th Cir. 2010) (concluding that registration occurs when the owner files an application), *with La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1197 (10th Cir. 2005) (concluding that registration occurs when the Register approves an application), *abrogated in part by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010). Fourth Estate Public Benefit Corporation filed a suit for infringement against Wall-Street.com and Jerrold Burden. The complaint alleged that Fourth Estate had filed an application to register its allegedly infringed copyrights, but that the Copyright Office had not registered its claims. The district court dismissed the action because Fourth Estate failed to plead compliance with the registration requirement, 17 U.S.C. § 411(a). Because registration occurs when the Register of Copyrights "register[s] the claim," *id.* § 410(a), we affirm.

## I.    BACKGROUND

Fourth Estate Public Benefit Corporation is a news organization that produces online journalism. It licenses articles to websites but retains the copyright to the articles. Wall-Street.com, a news website, obtained licenses to a number of articles produced by Fourth Estate. The license agreement required Wall-Street to

remove all of the content produced by Fourth Estate from its website before Wall-Street cancelled its account. But when Wall-Street cancelled its account, it continued to display the articles produced by Fourth Estate.

Fourth Estate filed a complaint for copyright infringement, 17 U.S.C. § 501, against Wall-Street and its owner, Jerrold Burden. The complaint alleged that Fourth Estate had filed "applications to register [the] articles with the Register of Copyrights." But the complaint did not allege that the Register of Copyrights had yet acted on the application.

Wall-Street and Burden moved to dismiss the complaint. They argued that the Copyright Act, *id.* § 411(a), permits a suit for copyright infringement only after the Register of Copyrights approves or denies an application to register a copyright. The district court agreed and dismissed the complaint without prejudice.

## II.    STANDARD OF REVIEW

"We review *de novo* the district court's grant of a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6) for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (emphasis added).

## III.   DISCUSSION

As a preliminary matter, the issue presented does not involve jurisdiction. Until 2010, our precedent held that registration was a jurisdictional prerequisite to filing an action for infringement. *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990). But in *Reed Elsevier, Inc. v. Muchnick*, the Supreme Court held that the "registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." 559 U.S. 154, 157 (2010).

Although registration is voluntary under the Copyright Act, Congress created several incentives for a copyright owner to register his copyright, *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1301 (11th Cir. 2012), one of which is the right to enforce a copyright in an infringement action:

> [N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a); *see also id.* § 408(f) (explaining that the Register "shall permit preregistration" for a limited class of works that have "a history of infringement prior to authorized commercial distribution"); 37 C.F.R. § 202.16(b)(1) (defining the limited class of works capable of preregistration to include material such as

4

movies and sound recordings not at issue in this appeal). The question we must

decide is when registration occurs.

The question when registration occurs has split the circuits. The Tenth

Circuit follows the "registration" approach to section 411(a), which requires a

copyright owner to plead that the Register of Copyrights has acted on the

application—either by approving or denying it—before a copyright owner can file

an infringement action. *La Resolana*, 416 F.3d at 1197–1203. In contrast, the Ninth

and Fifth Circuits follow the "application" approach, which requires a copyright

owner to plead that he has filed "the deposit, application, and fee required for

registration," 17 U.S.C. § 411(a), before filing a suit for infringement. *Cosmetic*

*Ideas*, 606 F.3d at 618–19; *Positive Black Talk Inc. v. Cash Money Records Inc.*,

394 F.3d 357, 365 (5th Cir. 2004), *abrogated in part by Muchnick*, 559 U.S. 154;

*Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386–87 (5th Cir. 1984); *see also*

Melville B. Nimmer, et al., 2 *Nimmer on Copyright* § 7.16[B][3][b][v] (2016). The

Eighth Circuit, in dicta, also endorsed the application approach. *Action Tapes, Inc.*

*v. Mattson*, 462 F.3d 1010, 1013 (8th Cir. 2006). The caselaw of the Seventh

Circuit contains conflicting dicta on whether it follows the application approach,

*Chi. Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003) ("[A]n

application for registration must be filed before the copyright can be sued upon."),

or the registration approach, *Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir.

2004) ("[A]n application to register must be filed, and either granted or refused, before suit can be brought."), or whether it has even decided this question, *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 806 (7th Cir. 2009). And both the First and Second Circuits have acknowledged the circuit split but have declined to decide whether to adopt the application approach or the registration approach. *Alicea v. Machete Music*, 744 F.3d 773, 779 (1st Cir. 2014); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014).

The parties dispute whether our precedents bind us to follow either approach. Wall-Street argues that our Circuit has adopted the registration approach and cites *M.G.B. Homes*, where we stated that a "lawsuit for copyright infringement cannot be filed unless plaintiff has a *registered* copyright." *M.G.B. Homes*, 903 F.2d at 1488 n.4 (quoting *Haan Crafts Corp. v. Craft Masters, Inc.*, 683 F. Supp. 1234, 1242 (N.D. Ind. 1988)); *see also Kernel Records*, 694 F.3d at 1302 n.8 (stating that "[w]e adopted the 'registration' approach in *M.G.B. Homes*."). Fourth Estate counters that we are not bound by *M.G.B. Homes* because *Muchnick* eroded the rationale for following the registration approach.

We need not decide this dispute about our precedents because the text of the Copyright Act makes clear that the registration approach that we endorsed in *M.G.B. Homes* and *Kernel Records* is correct. "[R]egistration of [a] copyright . . . has [not] been made in accordance with . . . title [17]," 17 U.S.C. § 411(a), until

"the Register . . . register[s] the claim," *id.* § 410(a). Filing an application does not

amount to registration.

The Copyright Act defines registration as a process that requires action by

both the copyright owner and the Copyright Office. A copyright owner must first

deposit a copy of the material with the Copyright Office, file an application, and

pay a fee. *Id.* § 408(a). The Register of Copyrights then examines the material and

determines whether "the material deposited constitutes copyrightable subject

matter." *Id.* § 410(a). If the material is copyrightable "the Register shall register the

claim and issue to the applicant a certificate of registration." *Id.* If "the material

deposited does not constitute copyrightable subject matter . . . , the Register shall

refuse registration and shall notify the applicant in writing of the reasons for such

refusal." *Id.* § 410(b).

The use of the phrase "after examination" in section 410(a) makes explicit

that an application alone is insufficient for registration:

> When, *after examination*, the Register of Copyrights determines that,
> in accordance with the provisions of this title, the material deposited
> constitutes copyrightable subject matter and that the other legal and
> formal requirements of this title have been met, the Register shall
> register the claim and issue to the applicant a certificate of registration
> under the seal of the Copyright Office.

*Id.* § 410(a) (emphasis added). That registration occurs only *after* examination of

an application necessarily means that registration occurs "[l]ater in time than" or

"subsequent to" the filing of the application for registration. *After*, *Webster's New International Dictionary* 45 (2d ed. 1961).

Section 410(b) also establishes that registration can occur only after application and examination. That section states, "In any case in which the Register of Copyrights determines that . . . the material deposited does not constitute copyrightable subject matter . . . the Register shall refuse registration." 17 U.S.C. § 410(b). And section 411(a) allows a copyright holder who filed an application for registration to file an infringement suit if "registration has been refused." *Id.* § 411(a). If registration occurred as soon as an application was filed, then the Register of Copyrights would have no power to "refuse registration." *Id.* § 410(b).

Fourth Estate argues that section 408(a) supports the application approach because it fails to mention the certificate of registration, but we disagree. Section 408(a) states, "[T]he owner of copyright . . . may obtain registration of the copyright claim by delivering to the Copyright Office the deposit specified by this section, together with the application and fee specified by sections 409 and 708." *Id.* § 408(a). This section states only the conditions a copyright owner must satisfy to obtain registration. It does not speak to the timing of registration or the obligation of the Register of Copyrights to examine and approve or refuse an application.

Section 410(d) also supports the registration approach, notwithstanding the argument of Fourth Estate to the contrary. That section states that "[t]he effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." § 410(d). To be sure, section 410(d) relates registration back to the date that the owner files an application, but section 410(d) also makes evident that registration occurs only after the Register of Copyrights deems an application "to be acceptable." *Id.* Like other provisions of Title 17, section 410(d) establishes that registration occurs only after review and approval by the Register of Copyrights.

Fourth Estate argues that the three-year statute of limitations for infringement suits, *id.* § 507(b), supports the application approach, but we disagree. Considered together, the registration requirement and the three-year statute of limitations reflect a statutory plan to encourage registration. *See La Resolana*, 416 F.3d at 1199 ("Although Congress established a voluntary registration system, it created incentives for copyright owners to register their copyrights."). True, an owner who files an application late in the statute of limitations period risks losing the right to enforce his copyright in an infringement action because of the time needed to review an application. But this potential loss

9

encourages an owner to register his copyright soon after he obtains the copyright and before infringement occurs. And section 507(b) is not the only provision of the Copyright Act that favors prompt registration. *See* 17 U.S.C. § 410(c) ("[R]egistration *made before or within five years* after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." (emphasis added)). That is, far from undermining the registration approach, the three-year statute of limitations further evidences that the Copyright Act encourages registration.

Fourth Estate devotes its remaining statutory arguments to legislative history and policy, but "[w]hen," as here, "the words of a statute are unambiguous, then . . . judicial inquiry is complete." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 969 (11th Cir. 2016) (en banc) (internal quotation marks omitted) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)). Indeed, "[e]ven if a statute's legislative history evinces an intent contrary to its straightforward statutory command, we do not resort to legislative history to cloud a statutory text that is clear." *Id.* (internal quotation marks omitted) (quoting *Harry v. Marchant*, 291 F.3d 767, 772 (11th Cir. 2002) (en banc)).

Finally, this appeal is not akin to the "unusual circumstance" presented by *Pacific & Southern Co. v. Duncan*, 744 F.2d 1490 (11th Cir. 1984), in which we "allowed injunctive relief to be sought prior to registration" where there was

"infringement of a registered work, a continuing series of original works created with predictable regularity, and a substantial likelihood of future infringements." *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 865 n.6 (11th Cir. 2008) (citing *Pacific*, 744 F.2d at 1499 & n.17). As explained, Fourth Estate has not alleged infringement of any registered work. And this appeal, unlike *Pacific*, does not involve the ongoing creation of original works, or potential future infringement of works not yet created.

## IV.   CONCLUSION

We **AFFIRM** dismissal of the complaint filed by Fourth Estate.